IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONLEY E. DUKES, | ) | No. C 06-5741 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| WARDEN ORNOSKI, | ) | |
| Respondent. | ) | (Docket Nos. 2, 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at San Quentin State Prison in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Prison Terms to deny him parole. Petitioner has paid the filing fee. Petitioner has also filed a motion to proceed *in forma pauperis*, which is DENIED as moot (docket no. 2). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of kidnapping for robbery and use of a deadly weapon and was sentenced to 12 years and 8 months-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the decision of the Board of Prison Terms to deny him parole violates his constitutional rights. He alleges

that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

## DISCUSSION

I      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

Petitioner alleges that his constitutional rights were violated by the Board of Prison Terms decision to deny him parole. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

## CONCLUSION

*For the foregoing reasons and for good cause shown,*

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a

2

determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/15/2007

JEFFREY S. WHITE
United States District Judge

3